WALTER M. ELSWICK, Judge.
The evidence taken on this claim reveals that U. M. Frazier, while employed by the board of control at Weston state hospital, Weston, West Virginia, died on the twenty-sixth day of February 1935. It also appears that at that time the board of control was not a subscriber to the West Virginia workmen’s compensation fund. Letters of administration were issued to Ivy Frazier, widow of U. M. Frazier, by the clerk of the county court of Lewis county, West Virginia, on January 26, 1943. The decedent had been employed as an attendant at said hospital for a period of about twenty-four years prior to his death.
*131 From the evidence it further appears that on the morning of the' twenty-fifth day of February 1935, the decedent U. M. Frazier had walked from his home in Weston to said hospital, a distance of about three-fourths of a mile (record p.p. 122-124); that he left home about six o’clock and that it would take about twenty minutes to walk from his home to the hospital (record p.p. 121-122). He had arrived at the hospital and reported for work as an attendant in ward no. 8 at about six thirty o’clock (record p.p. 75 and 96) when one of the patients by the name of John Chamey started a disturbance by swearing ‘and threatening to strike the attendant Frazier. At this time another attendant Otis Saunders reported for duty on the ward and he together with Ray Morrison an attendant helped Frazier place Charney in a strong room. Said Morrison occupied a room about 75 feet away from Charney and Frazier when he heard Charney swearing (record p.p. 59, 97) at which time the door to his room was open. John Charney was a small man weighing about 124 lbs. and a little over 5 feet 1% inches tall, and Frazier was a man weighing around 175 to 180 lbs. and was about 5 feet 9 inches tall. Chamey was an epileptic patient. He was unruly and resented being corrected. (Record p.p. 72, 110).
There were from fifty to sixty patients in ward No. 8 (record p.p. 9, 38), with three day attendants, namely, said U. M. Frazier, Otis Saunders, and Worthy Carson (record p. 36). At seven o’clock from twenty-five to thirty patients were taken to breakfast from the said ward no. 8 to the dining room by the attendants Otis Saunders and Worthy Carson, during which time U. M. Frazier was left in charge of the ward. (Record p. 38). After all patients were served breakfast, Otis Saunders and U. M. Frazier started to shave the patients at about eight o’clock. At that time U. M. Frazier stated that he was getting sick and then went to his room and lay down on his bed (record p.p. 40, 98). Later Dr. Bobes a hospital physician was called to treat him and advised that he should be left in his room and not moved (record p. 8). Dr. Bobes was serving in the armed forces of our country at the time of the hearing.
*132 At the hearing there was testimony introduced to the effect that the decedent, Frazier, stated that on the evening before his death that he had been attacked by and had 'had a scuffle with the patient John Chamey while the other two attendants of the ward were out to take patients to the dining room. The witness Worthy Carson also testified that Chamey was taken to the strong room after patients had been served breakfast. The purported statements of decedent were casual in nature and would not under the circumstances come within the exceptions to the hearsay rule excluding such testimony. However, we have the testimony of Carson, Saunders and Morrison, the only persons present when Chamey was placed in the strong room, to the effect that Frazier made no statement to them that he had had any attack by or scuffle with Charney (record p.p. 41, 61, 97). None of them noticed any disarrangement of his clothing or marks on his body, although a tom tie wasi exhibited in evidence by Mrs. Frazier as having been tom in a scuffle by the patient Chamey. The witnesses Saunders and Morrison were positive in their testimony that Chamey was placed in the strong room before the patients were served breakfast. The witness Morrison asked Frazier if 'he had gotten injured when placing Chamey in the strong room, and he answered that he hadn’t, but that 'he was suffering from indigestion; that he was accustomed to such spells, (record p.p. 51, 63, 79, 88, 89). He never mentioned any scuffle to either Morrison or Saunders at any time (record p.p. 78, 99). There was a clear view from Morrison’s room to where Charney and Frazier were at ward no. 8 (record p.p. 66, 86, 97), and Morrison testified that Chamey had not made an attack upon Frazier (record p. 61). Morrison was not an employee of the hospital at the time of the hearing.
No report of any accident was ever made to the hospital staff or to the board of control, and no claim was made for any neglject or default of the board of control or of its officers and employees as to the cause of the decedent’s death until the filing of this claim.
*133 The death certificate of U. M. Frazier filed at the vital statistics office states that the decedent died from angina pec-toris, coronary occlusion.
On the morning before his death U. M. Frazier wasi suffering pain. He was vomiting “corruption, and blood in with it.” (Record p. 55). Dr. D. P. Kessler was called after Mr. Frazier’s death. He found “his whole frame seemed to be flushed, a great deal of flushing, his face and chest.” (Record p.p. 33, 34). Dr. Kessler had made a casual observation or examination of Mr. Frazier a short time prior to his death and at that time failed to detect any heart condition requiring treatment. (Record p.p. 28, 29). He made no notation of his findings and testified from memory only. He did not make a urinalysis and did not make an examination with a cardiograph. No post-mortem examination was taken.
In view of all of the evidence in the record we are therefore confronted with the question as to whether U. M. Frazier died from natural causes or from causes incident to his employment. We are of the opinion from the evidence that his death was not due to any cause incident to his employment but was due to a heart condition. We therefore deny an award.